IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY WAYNE HEBERT,
      Petitioner,

vs.                               Case No.:  3:07cv156/LAC/EMT

JAMES R. McDONOUGH,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the court on Petitioner's Notice of Voluntary Dismissal (Doc. 26) of his amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 9).

      Rule 41(a)(1) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer, or files a motion for summary judgment.  Because Respondent has not yet served an answer in the instant case, it is clear that Petitioner is automatically entitled to a voluntary dismissal at this time.  The dismissal should be without prejudice.  However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments.  The one-year period normally runs from date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted.  *See* § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L. Ed. 2d 213 (2000).

      Accordingly, it is respectfully **RECOMMENDED**:

      That Petitioner's Notice of Voluntary Dismissal (Doc. 26), be **GRANTED** and this action dismissed without prejudice.

      At Pensacola, Florida, this 1st day of November 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).